# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID SCOTT CORBIN, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 10-cv-369-MJR |
| vs. ) | |
| ) | CRIMINAL NO. 05-cr-40057 |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the court on Petitioner David Scott Corbin's Motion under 28 U.S.C. § 2255. Corbin seeks leave to proceed *in forma pauperis* (Doc. 2), and the Court finds that he is indigent. Therefore, the motion to proceed *in forma pauperis* is **GRANTED**.

Corbin also seeks appointment of counsel in this matter (Doc. 3). A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). *See also Powell v. Davis*, 415 F.3d 722. 727 (7th Cir. 2005); *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998); *Oliver v. United States*, 961 F.2d 1339 (7th Cir. 1992); *Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989). Rule 8(c) of the Rules Governing Section 2255 Proceedings, however, allows for appointment of counsel for indigent prisoners if an evidentiary hearing is required. *See* 18 U.S.C. § 3006A(a)(2)(B); FED. R. § 2255 Cases 8(c). At this time, an evidentiary hearing is not warranted, and thus the motion for appointment of counsel is **DENIED**, without prejudice. It follows that Corbin's motion to expedite a hearing (Doc. 4) is **DENIED** without prejudice.

Pursuant to a plea agreement, Corbin pleaded guilty to charges involving the manufacture

and distribution of methamphetamine. On October 10, 2006, he was sentenced to 188 months imprisonment, six years supervised release, a $750 fine, and a $100 special assessment. No direct appeal was filed. Corbin sought relief pursuant to 28 U.S.C. § 2255, but later voluntarily dismissed the motion. *Corbin v. United States*, Case No. 07-cv-650-MJR (S.D. Ill., filed Sept. 14, 2007).

In 2008, Corbin sought leave with the Seventh Circuit to file a second or successive § 2255 motion. At that time, he sought leave to file a new § 2255 motion based upon the Supreme Court's April 2008 decision that a DUI conviction is not a crime of violence for purposes of the Armed Career Criminal Act ("ACCA"). *See Begay v. United States*, 128 S.Ct. 1581 (2008). That motion was denied as unnecessary, "because he voluntarily dismissed his first § 2255 motion before the government had responded." *Corbin v. United States*, Docket No. 08-2793 (7th Cir., filed July 18, 2008). On May 10, 2010, Corbin filed the instant motion under § 2255. In this motion, he raises just one issue: because the Supreme Court ruled that a DUI conviction is not a crime of violence for purposes of the ACCA, he is entitled to be resentenced accordingly.

The Court **ORDERS** the Government to file a response to Corbin's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record. The Government shall address: (1) Does Begay apply retroactively in this situation? (2) Is Corbin's motion timely? (3) Did Corbin waive the right to file this challenge? and (4) Is Corbin entitled to relief?

**IT IS SO ORDERED.**

**DATED this 4th day of August, 2010.**

                                                      **s/ Michael J. Reagan**
                                                      **MICHAEL J. REAGAN**
                                                      **United States District Judge**